June 9, 1904.

————o————

No. 3490.

(Court of Appeal, Parish of Orleans.)

MRS. ANNA M. SETTLER, ETC. vs. MR. AND MRS. ROGER GRIMES.

Where it appears that proof exists material to the issue but not furnished from misapprehension or other cause not implying a desire to withhold the proof or gross neglect on the part of the

litigant, in such cases, in furtherance of justice, the Court will remand the cause.

Appeal from Civil District Court, Division D.

Theo. Cotonio, for plaintiff and appellant.

B. R. Forman, for defendant and appellee.

DUFOUR, J. The judgment appealed from and the reasons for its rendition are as follows: "Mrs. Settler, a resident of Germany, alleging herself to be the sole and only child and heir of Michael Schoeff or Schiff and his wife, both of whom lived in Germany at one time and that Michael Schoeff or Schiff died in Louisiana, March 20, 1900; and that his wife died in Germany Sept. 16, 1889.

That Schoeff or Schiff acquired certain real estate in this city, which property he attempted to convey to Mrs. Roger Grimes. defendant here, but that said sale is null and void for want of a valid consideration. Plaintiff asks to be decreed to be the owner of the property referred to. Defendant filed a general denial.

Plaintiff caused a commission to issue and the testimony of witnesses residing in Germany was taken and filed, together with extracts from records in said country. An extract from the marriage register of 1854 shows that Michael Schoeff, an unmarried man and Anna Maria Irion, unmarried, were married May 28, 1824; and that Miss Irion was born Dec. 23, 1810. He was thirty and she was forty-four at the time of their marriage.

An extract from the Statute Book of the Evangelical Congregation, under date of May 28, 1854, also show a record of said marriage with this addition; that there was a daughter of this marriage, called Anna Maria, born June 25, 1851, who had been acknowledged by Michael Schoeff as his child on June 29, 1851.

But, the deed of acknowledgment has not been produced or offered in evidence, and that acknowledgment has not been proved. A reference to such deed in the records of a religious organization does not prove its existence. No acknowledgment by Mr. Schoeff of plaintiff as his child has been proved, and she is therefore without interest in his property. The same condition exists in connection with Miss Irion, or Mrs. Schoeff. If plaintiff is the daughter of Miss Irion, she was born out of wedlock, has never been acknowledged by Miss Irion as her child, so far as the record shows, and she is therefore not a forced heir of Miss Irion, afterwards Mrs. Schoeff, and she is without interest in property which may have belonged to Mrs. Schoeff, C. C. 198, 200, 202, 203, 918. Mrs. Schoeff's property would have gone to her husband in preference to her unacknowledged natural child.

283

But plaintiff has not proved that she was the natural daughter even of Miss Irion, afterwards Mrs. Schoeff.

This suit is dismissed at plaintiff's costs as in case of non suit. And Theodore Cotonio, surety, is condemned in solido with plaintiff to the extent of $25.00, or as much thereof as may be necessary to pay the costs of defendants in this proceeding.

N. O. Apl. 6, 1904.

It appears to us that the plaintiff's insufficiency of proof probably resulted from the fact that much of the written evidence offered by her was allowed, over objection to *admissibility*, as *going to the effect*. This may have lulled him into security and prevented his securing other and competent evidence apparently easily obtainable.

Had the objections been sustained he might have been able to obtain adequate proof.

It is more in consonance with fairness to remand the cause than to non-suit. In 47 An. 1538 the Supreme Court said:

"Where it is apparent the proof exists material to the issue, but not furnished from misapprehension or other cause not implying any design to withhold the proof, or gross neglect on the part of the litigant, in such cases, in furtherance of justice, the Court, reluctant to dispose of the controversy *on* an imperfect record, will remand the cause."

This cause clearly falls within the foregoing principle, and we think that plaintiff should be afforded reasonable opportunity to furnish further and competent evidence.

Judgment reversed and cause remanded to be proceeded with in accordance with the opinion herein, costs of appeal to be paid by appellee, and all other costs to await the final determination of the cause.

June 17, 1904.

Rehearing refused June 25, 1904.